PARIENTE, J.,
dissenting.
I respectfully dissent to the denial of reinstatement. The only apparent reason for the denial is the respondent’s failure to pay any of the restitution ordered ($1600 to one client and $800 to another client) and her failure to pay any of the costs, which were assessed in the amount of $4,694.84. I would agree with my colleagues’ decision if there was any indication that the respondent had been financially irresponsible during her period of suspension or had the means to pay but failed to do so. However, in the Joint Response to this Court’s Order to Show Cause, the Bar explains that the respondent’s “failure to pay the reimbursement amounts and the costs of disciplinary proceedings are not the result of contempt for this Court or the Bar, but inability to pay due to financial constraints.”
This is not a case where the respondent has been able to find lucrative work as a paralegal. To the contrary, the Bar’s submission shows that the respondent was unemployed during the majority of the time of her suspension and that her only source of employment during her period of suspension was work as a legal secretary from October 1, 2007, through August 25, 2008. Her net income was minimal, ranging from a little over $600 a month to no more than $1000 a month. On the other side of the balance sheet, her obligations and debts are substantial, including over $7000 in unpaid property taxes that accrued while she was suspended.
Neither the Bar nor the referee found any evidence of bad faith. The Bar, after determining the respondent’s financial inability to pay, reimbursed the clients and thus the respondent now owes The Florida Bar Client Security Fund. The Bar agreed to a payment plan, approved by the Board of Governors and the referee, and the repayment would be a condition of her probation.
I would thus grant the petition for reinstatement and require compliance with the payment plan to be a condition of probation. If the Court is going to require either full repayment or at least a certain amount to be repaid, even where there are no financial means, we should set forth those requirements in a clearly enunciated rule rather than on an ad hoc basis without prior notice or explanation. For these reasons, I respectfully dissent.
PERRY, J., concurs.